IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

SCOTT P. THAYER                                                                             PLAINTIFF

v.                                    CIVIL NO. 25-2014

FRANK BISIGNANO, Commissioner
Social Security Administration                                                         DEFENDANT

## MEMORANDUM OPINION

Plaintiff, Scott P. Thayer, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying his claims for a period of disability and disability insurance benefits (DIB) and supplemental security income (SSI) benefits under the provisions of Titles II and XVI of the Social Security Act (Act). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. *See* 42 U.S.C. § 405(g).

Plaintiff protectively filed his applications for DIB and SSI on May 6, 2021, and March 30, 2002, respectively, alleging an inability to work since August 22, 2020,[1] due to neuropathy, sciatica, carpal tunnel syndrome, and tremors of the hands. (Tr. 126). For DIB purposes, Plaintiff maintained insured status through September 30, 2020. (Tr. 5). An administrative telephonic hearing was held on September 22, 2022, at which Plaintiff appeared with counsel and testified. (Tr. 30-48).

---

[1] Plaintiff, through is counsel, amended his alleged onset date to August 26, 2020. (Tr. 127, 149).

In a written decision dated December 30, 2022, the ALJ determined Plaintiff retained the residual functional capacity (RFC) to perform light work with limitations. (Tr. 149-160). The Appeals Council declined review of the ALJ's decision on August 3, 2023. (Tr. 168-174). Plaintiff appealed the ALJ's decision to this Court.

In a decision dated January 29, 2024, this Court granted Defendant's motion to remand the case pursuant to sentence six of 42 U.S.C. § 405(g). (Tr. 177-183). On March 13, 2024, the Appeals Council vacated the ALJ's decision dated December 30, 2022, consolidated a subsequent claim for SSI benefits filed on August 18, 2023, and remanded Plaintiff's case back to the ALJ to issue a new decision. (Tr. 184-188). A supplemental telephonic hearing was held on October 10, 2024. (Tr. 49-72).

By written decision dated December 19, 2024, the ALJ found that during the relevant time period, Plaintiff had an impairment or combination of impairments that were severe. (Tr. 7). Specifically, the ALJ found Plaintiff had the following severe impairments: degenerative disc disease of the cervical spine, degenerative disc disease of the lumbar spine, polyarthropathy, myalgia, and somatic symptom disorder. However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 7-8). The ALJ found Plaintiff retained the residual functional capacity (RFC) to:

> [P]erform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except the claimant can understand, retain, and follow job instructions, i.e., perform one and two step tasks. The claimant can perform simple, routine, repetitive work in a stable environment and make simple decisions. The claimant can occasionally interact with co-workers and supervisors, but have no contact with the general public.

(Tr. 10). With the help of a vocational expert, the ALJ determined Plaintiff could perform work as a sorter, a power screwdriver operator, and a collator operator. (Tr. 19).

2

Plaintiff filed this action on February 18, 2025.  (ECF No. 2). This case is before the undersigned pursuant to the consent of the parties. (ECF No. 7).  Both parties have filed appeal briefs, and the case is now ready for decision.  (ECF Nos. 13, 17).

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole.  *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it.  *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003).  As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

In order to have insured status under the Act, an individual is required to have twenty quarters of coverage in each forty-quarter period ending with the first quarter of disability. 42 U.S.C. § 416(i)(3)(B). Plaintiff last met this requirement on September 30, 2020.  Regarding Plaintiff's application for DIB, the overreaching issue in this case is the question of whether Plaintiff was disabled during the relevant time period of August 26, 2020, his amended alleged onset date of disability, through September 30, 2020, the last date he was in insured status under Title II of the Act. In order for Plaintiff to qualify for DIB, he must prove that on or before the expiration of his insured status he was unable to engage in substantial gainful activity due to a

medically determinable physical or mental impairment which is expected to last for at least twelve months or result in death. *Basinger v. Heckler*, 725 F.2d 1166, 1168 (8th Cir. 1984).

In his appeal brief, Plaintiff claims the ALJ's disability decision is not supported by substantial evidence. In making this claim, Plaintiff argues the following issues on appeal: 1) Plaintiff has impairments that meet the Listings; 2) The RFC is inconsistent with the evidence; and 3) Improper Step Five Findings. (ECF No. 13). Defendant argues the ALJ properly considered all of the evidence and the decision is supported by substantial evidence. (ECF No. 17).

The Court has reviewed the entire transcript and the parties' briefs and finds that substantial evidence of record supports the ALJ's determination. Plaintiff claims the ALJ erred in evaluating his impairments under Listing 12.07. (ECF No. 13, p. 1). Plaintiff has the burden of demonstrating his impairments meet all the requirements of a given Listing. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998). Upon review of the record, the Court finds substantial evidence supporting the ALJ's determination that Plaintiff's impairments did not meet or equal the requirements of any Listing during the relevant time period. With respect to Plaintiff's RFC, the ALJ considered the medical assessments of treating physicians and non-examining agency medical consultants, Plaintiff's subjective complaints, and his medical records when he determined Plaintiff could perform light work with limitations during the time period in question. With each medical opinion, the ALJ stated how persuasive he found each opinion and articulated the basis for his finding. While Plaintiff disagrees with the ALJ's RFC determination, after reviewing the record as a whole the Court finds Plaintiff failed to meet his burden of showing a more restrictive RFC. *See Perks v. Astrue*, 687 F. 3d 1086, 1092 (8th Cir. 2012) (burden of persuasion to demonstrate RFC and prove disability remains on claimant). The Court finds substantial evidence supporting the ALJ's RFC determination for the time period in question.

With respect to the ALJ's Step Five determination, the Court finds that the vocational expert's opinion constitutes substantial evidence supporting the ALJ's conclusion that Plaintiff's impairments did not preclude him from performing work as a sorter, a power screwdriver operator, and a collator operator. *Goff v. Barnhart,* 421 F.3d 785, 794 (8th Cir. 2005) (testimony from vocational expert based on properly phrased hypothetical question constitutes substantial evidence).

For the reasons stated in the ALJ's well-reasoned opinion, the Court finds Plaintiff's arguments to be without merit and finds that the record as a whole reflects substantial evidence to support the ALJ's decision. Accordingly, the ALJ's decision is hereby summarily affirmed, and Plaintiff's Complaint is dismissed with prejudice. *See Sledge v. Astrue*, No. 08-0089, 2008 WL 4816675 (W.D. Mo. Oct. 31, 2008) (summarily affirming ALJ's denial of disability benefits), *aff'd*, 364 Fed. Appx. 307 (8th Cir. 2010).

DATED this 25th day of August 2025.

/s/ *Christy Comstock*
HON. CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE